IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JABAUT,

    Plaintiff,

vs.

    Case No.:

BARNETT OUTDOORS, LLC,

    Defendant.

_____/

## PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, MICHAEL JABAUT, by his undersigned attorneys, hereby sues the Defendant, BARNETT OUTDOORS, LLC, and alleges as follows:

### I. JURISDICTION AND VENUE

1.    This action arises under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. Specifically, at all times material hereto, the design, manufacture, assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the Barnett TS390 crossbow, Serial Number C190003503854 that is the product at the center of this product liability claim, were performed in Tarpon Springs, Pinellas County, Florida by BARNETT OURDOORS, LLC.

## II. THE PARTIES

3. At all times material to this action, Plaintiff, MICHAEL JABAUT was a citizen of Allegheny County, Pennsylvania.

4. At all relevant times, Defendant, BARNETT OUTDOORS, LLC, was a limited liability company organized and existing under the laws of the state of Florida, with its principle place of business at 955 Live Oak Street, Tarpon Springs, Florida 34689. This Defendant can be served with process by delivering the summons and Complaint to Barnett Outdoors, LLC, c/o Corporation Service Company, Registered Agent, 1201 Hays St., Tallahassee, FL 32301.

5. At all relevant times, Defendant, BARNETT OUTDOORS, LLC, was in the business of manufacturing, assembling, marketing, distributing and selling crossbows, including the Barnett TS390 crossbow, Serial No. C190003503854, which is the subject of this Complaint.

6. Defendant, BARNETT OUTDOORS, LLC is a single member limited liability company and the sole member of Barnett Outdoors, LLC is Wildgame Innovations, LLC, which is organized under the laws of the State of Louisiana. The sole member of Wildgame Innovations, LLC is Synergy Outdoors, LLC, which is organized under the law of the State of Louisiana. The sole member of Synergy Outdoors, LLC is Plano Molding Company, LLC, which is organized under the laws of the State of Delaware. The sole member of Plano Molding Company, LLC is Plano Synergy Holding, Inc., which is a Delaware corporation with its principal place of business located in Plano, Illinois.

7. Thus, for purposes of jurisdiction, Barnett Outdoors, LLC is a citizen of Delaware and Illinois.

## III. GENERAL ALLEGATIONS

8. This is a products liability case for damages that arose from injuries suffered by the Plaintiff, MICHAEL JABAUT, when a string on a Barnett TS390 crossbow, serial no. C19000350385, which he owned, forcefully came into contact with his left thumb, causing severe injury to his left thumb and hand.

9. In or around October 2019, Plaintiff, MICHAEL JABAUT, purchased a Barnet TS390 Crossbow, serial no. C19000350385, ("Crossbow") from Field & Stream in Cranberry Township, Pennsylvania.

10. On or about November 4, 2019, Plaintiff, MICHAEL JABAUT, was using the Crossbow in accordance with its intended use, specifically attempting to shoot a target at sixty yards in the woods near Ross Township, Pennsylvania.

12. On or about November 4, 2019, as Plaintiff, MICHAEL JABAUT, fired his eighth practice shot, he was injured when the string of the Crossbow came into contact with his left hand causing severe injuries to his left thumb.

13. The Defendant, BARNETT OUTDOORS, LLC, is in the business of designing, manufacturing, assembling, marketing and selling crossbows for hunting and archery purposes, including the model that injured the Plaintiff. The Crossbow in question, a Barnett TS390, Serial No. C190003503854, was defective in that it lacked an adequate thumb or finger guard that could have protected the hand that held the crossbow from the string when the bow string was released to shoot the arrow. The Crossbow was also defective in that there were inadequate instructions or warnings concerning the fact that the hand holding the bow was not adequately protected.

14. At all relevant times, BARNETT OUTDOORS, LLC designed, manufactured, assembled, tested, marketed, distributed and/or sold the Crossbow that injured the Plaintiff as alleged herein.

15. At all relevant times, the Crossbow was defective in that, among other things, there was not an adequate thumb guard or protector that would make it less likely that the type of injury sustained, described above, would occur. It also was defective because there were not adequate warnings of dangers or instructions for safe use of the product.

16. At all relevant times, the Defendant knew that the Crossbow was defective and posed an unreasonable and unacceptable risk of harm because it did not adequately guard against thumbs or fingers coming in contact with the fast-moving string capable of severing a person's finger or otherwise causing severe bodily injury. The Defendant also knew or should have known that its product was unreasonably dangerous, but failed to warn of such danger in a manner that would catch the attention of a reasonable consumer such as the Plaintiff.

17. At the time Plaintiff was injured, he was not made aware of the risks and dangers presented by the unprotected crossbow string and the propensity of the string to come in contact with his thumb during his reasonably foreseeable use of the Crossbow. Had Plaintiff known of the risks and dangers associated with the defects described herein, Plaintiff would not have purchased or used the Crossbow.

### IV. CAUSES OF ACTION

#### COUNT I
**(Negligence of Barnett Outdoors, LLC)**

18. Plaintiff realleges and incorporates herein the allegations in Paragraphs 1 through 17 of this Complaint.

19. On or about November 4. 2019, Defendant, BARNETT OUTDOORS, LLC, owed Plaintiff a duty to exercise reasonable care in the design, manufacture, assembly, testing, inspection, servicing, marketing, distributing, and/or sale of the Crossbow. Defendant further owed Plaintiff a duty of care to warn of any condition regarding the crossbow that could and did render the Crossbow unsafe.

20. The injuries to Plaintiff and resulting damages were proximately caused by the negligence of Defendant, by and through its officers, agents, employees, servants, affiliates and others under its employ and control, in that Defendant breached its aforesaid duties by carelessly failing to properly design, manufacture, assemble, test, inspect, service, market, distribute and sell the crossbow. Defendant further breached its duty to Plaintiff by failing to detect, correct and/or warn or instruct about the dangerous and unsafe characteristics of the crossbow.

21. Specifically, Defendant's acts of negligence include, but are not limited to the following:

(a) Negligently designing the crossbow such that a person using the crossbow in a foreseeable manner could place his or his thumb above the rail of the crossbow;

(b) Negligently designing the crossbow without an adequate bar, benchmark, or finger guard that would prevent a user's thumbs or fingers from moving up and in the way of the string of the crossbow;

(c) Negligently marketing the crossbow as safe to use without a finger guard sufficient to protect the user from injury;

(d) Negligently marketing the crossbow by promoting its use without an adequate finger guard sufficient to protect the user from injury;

(e)     Negligently marketing the crossbow by failing to adequately warn consumers of the risks and dangers associated with using the crossbow without an adequate finger guard sufficient to protect the user from injury, despite Defendant's actual or constructive knowledge that consumers could place his thumb above the rail of the crossbow;

(f)     Negligently failing to test the crossbow to ensure that consumers using it in a foreseeable manner could not place his thumb above the rail of the crossbow; and

(g)     Negligently failing to warn Plaintiff, after the crossbow had been purchased, that the product was unreasonably dangerous and defectively designed in that it posed a serious risk to consumers.

22.     As the manufacturer of the Crossbow, Defendant had a duty to exercise reasonable care in the design, testing, marketing, warning, and sale of the product. As the foregoing indicates, the Defendant wholly failed in the exercise of its duties to Plaintiff.

23.     Plaintiff specifically pleads and will show that there were reasonable, feasible, and safer alternative designs available that were being used by the competitors of BARNETT OUTDOORS, LLC, long before the crossbow was sold and long before Plaintiff's injury.

24.     As set forth herein, Defendant proximately caused the injuries to Plaintiff. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

25.     At the time of the incident which is the basis of this suit, the crossbow was in substantially the same condition as it was when it was placed into the stream of commerce. Neither Plaintiff nor any other person made any modifications to the crossbow after it was purchased.

WHEREFORE, Plaintiff demands judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which he may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT II
### (Strict Liability (Defective Design and Failure to Warn))

26. Plaintiff realleges and incorporates herein the allegations in Paragraphs 1 through 25 of this Complaint.

27. At all material times hereto, Defendant, Barnett Outdoors, LLC, was a "manufacturer" of the BARNETT TS390, as defined by applicable state law.

28. At all material times hereto, Defendant was in the business of designing, testing, approving, manufacturing, marketing, distributing, and/or selling the crossbow that is made the basis of this lawsuit into interstate commerce, and did in fact design, test, approve, manufacture, market, distribute, and/or sell and place the crossbow into the stream of commerce. Defendant's conduct in distributing and/or selling the crossbow was solely for commercial purposes.

29. When the crossbow left Defendant's control and was placed into the stream of commerce, the crossbow was unreasonably dangerous, not suitable for its intended purpose, and unsafe by reason of Defendant's defective design, manufacture, assembly, testing, inspection, service, marketing, distribution, and/or sale of the crossbow, and because the crossbow was marketed, sold and distributed without adequate instructions and/or warnings regarding its defective characteristics. The crossbow remained unchanged from the time it was originally manufactured, distributed and sold by Defendant until it reached Plaintiff.

30. Furthermore, at the time the crossbow was placed into the stream of commerce, Defendant intended that the crossbow would reach members of the public, such as Plaintiff, and it was, or should have been reasonably expected and foreseeable that the crossbow would be used

by persons such as Plaintiff in the manner and application in which it was being used at the time of Plaintiff's injuries, with the expectation and belief that the crossbow was safe for its intended use.

31. On or about November 4. 2019, the crossbow was being operated and used for the purpose and in the manner for which it was designed, manufactured, assembled, tested, inspected, serviced, marketed, distributed, sold and intended to be used, and in a manner foreseeable to Defendant and for which adequate and safe instructions and warnings were required to be issued.

32. Defects in the design, manufacture, assembly, instructions, manuals, and warnings, testing, inspection, service, distribution, and/or sale of the crossbow, including but not limited to the lack of an adequate bar, benchmark, "safety rail," or adequate finger guard on the crossbow, as well as lack of warning of the dangers thereof, caused the string of the crossbow to suddenly and without warning, strike his thumb, multiple lacerations and requiring immediate surgical wound repair, resulting in injuries to Plaintiff. Plaintiff had no knowledge of this defective condition and had no reason to suspect that the crossbow was unreasonably dangerous prior to his injuries. Defendant, however, knew, or in the exercise of ordinary care should have known, of the crossbow's defective design and lack of finger guard adequate enough to protect the user's thumb from injury. Additionally, Defendant failed to provide adequate warning of the dangers presented by its product as designed and manufactured.

33. There were technologically and economically feasible alternative designs available at the time the crossbow left the control of Defendant, that were safer than the subject design, and potential means of warning available, and that would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the utility of the crossbow.

34. By reason of the foregoing, the crossbow was dangerous to an extent beyond which would be contemplated by the ordinary consumer who purchases it, and Defendant is strictly liable for the damages sustained by Plaintiff pursuant to the Restatement (Second) of Torts Sections 402A and 402B.

35. As a result of the injuries to Plaintiff, Plaintiff has sustained damages and is entitled to recover all fair and just compensatory damages allowed by law, including past and future medical expenses, pain and suffering, past and future lost wages and lost earning capacity, impairment, disfigurement, deformity, scarring, pain and suffering and mental anguish, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which he may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT III
### (Breach of Warranty)

36. Plaintiff realleges and incorporates herein the allegations in Paragraphs 1 through 35 of this Complaint.

37. Defendant, BARNETT OUTDOORS, LLC, impliedly warranted that the Crossbow referred to above was of merchantable quality, fit, safe, and in proper condition for ordinary use for which the Crossbow was designed, sold, and used.

38. The Plaintiff, MICHAEL JABAUT, was a person reasonably expected to use and come in contact with the Crossbow and was entitled to rely upon and did rely upon the implied warranty of merchantability by the Defendant.

39. The Crossbow referred to above was designed, manufactured, marketed, sold and distributed by Defendant, BARNETT OUTDOORS, LLC, but was not of merchantable quality,

was not fit and safe for the ordinary purposes for which it was sold, and was not free from all defects. Instead, it was unfit, unsafe, and unusable for the purpose for which it was intended and warranted.

40. The condition of the Crossbow, and in particular the dangerous propensity of the compound cable and the inadequate thumb guard and inadequate warnings, constituted a breach of the Defendant's implied warranty of merchantability.

41. As a direct and proximate result of the Defendant's breach of the implied warranty of merchantability and as a result of the unfit, unsafe, and unusable condition of the Crossbow referred to above, Plaintiff, MICHAEL JABAUT, suffered severe and permanent damage to his left hand.

42. Further, as a direct and proximate result of the Defendant's breach of the implied warranty of merchantability, MICHAEL JABAUT, has suffered great physical pain, and will continue to suffer physical pain in the future; Plaintiff has suffered severe injuries which will result in permanent disabilities; Plaintiff has also suffered mental anguish and distress which he will continue to suffer in the future; In addition, Plaintiff has become liable for medical and hospital expenses.

WHEREFORE, Plaintiff demands judgment against Defendant, BARNETT OUTDOORS, LLC, for compensatory damages and all other damages to which he may be justly entitled as well as attorney fees and all costs of this action and a trial by jury of all issues to be tried.

## COUNT IV
### (Punitive Damages)

43. Plaintiff realleges and incorporates herein the allegations in Paragraphs 1 through 42 of this Complaint.

44. Prior to November 4, 2019, the Defendant had actual knowledge of the dangers of not having adequate thumb protection on its crossbows, willfully and/or recklessly disregarded the dangers of not having an adequate thumb guard, and acted willfully and/or recklessly in marketing the crossbows in an unreasonably dangerous condition.

45. Despite such knowledge, and in willful, wanton, and reckless disregard for safety, including the safety and well-being of MICHAEL JABAUT, the Defendant nevertheless continued to design, manufacture, assemble, market, distribute, and/or sell the Crossbow with such characteristics; The Defendants allowed the Crossbows to remain in the stream of commerce where they could injure users and failed to warn users of the Crossbow of the potential danger posed by the design of the Crossbow, all to prevent potential lost revenue.

46. As a direct and proximate result of the Defendant's conduct, the plaintiff, MICHAEL JABAUT, has suffered and continues to suffer extensive and severe injuries.

47. The Defendant's conduct, as set forth above, was willful and evidenced a reckless disregard for safety, including the safety and well-being of MICHAEL JABAUT, and as a consequence, of Defendant's willful and/or reckless behavior, Plaintiff is entitled to seek exemplary and punitive damages.

## V. DAMAGES

48. Plaintiff seeks actual and compensatory damages, both in the past and in the future, including but not limited to medical expenses, pain and suffering, lost wages and earning capacity, impairment, disfigurement, deformity, scarring, mental and emotional anguish, and other damages.

49. Additionally, Plaintiff seeks exemplary/punitive damages against the Defendant in accordance with state and/or federal law.

## VI. **PRAYER**

Wherefore, Plaintiff, MICHAEL JABAUT, respectfully requests that upon trial of this cause, he recover from the Defendant the following relief:

(a) Judgment against the Defendant for actual and compensatory damages incurred by Plaintiff;

(b) Judgment against the Defendant awarding Plaintiff exemplary/punitive damages;

(c) Judgment against the Defendant awarding Plaintiff pre-judgment and post judgment interest at the maximum rate permitted by law; and

(d) Such other and further relief to which Plaintiff may show himself justly entitled.

Dated this 6 day of March, 2021.

                                              Respectfully submitted,

                                              /s/ Joseph H. Saunders
                                              Joseph H. Saunders, Esquire
                                              Saunders & Walker, P.A.
                                              3491 Gandy Boulevard, Suite 200
                                              Pinellas Park, FL  33781
                                              (727) 579-4500; FAX (727) 577-9696
                                              joe@saunderslawyers.com
                                              FBN:  241746
                                              Attorney for Plaintiff